# Wharton *against* Shaw.

Devise of part of residue to M. S., her heirs and assigns, in trust that she shall use the rents, issues, and profits thereof, and the issues and interest thence arising for the benefit of S. B. S., during life, &c., and after his death that she convey the devise to such child or children as the said S. B. S. shall have, in equal proportions in tail. In the conclusion of his will, the testator gave his executors power to sell, convey, or alter the whole, or any part of his said estate; but directed that the money, or proceeds thence arising, be settled in the same manner, as the property sold would, according to the direction of his will, have been, in case it had not been sold. The personal estate proved insufficient to pay the testator's debts, and the executors sold the real estate, and converted it into money. *Held*, that the residue thereof, left after paying debts and legacies, was to be deemed money, and that the children of S. B. S., surviving him, took it absolutely.

THIS action was instituted by William Wharton, executor of Sarah L. Shaw, deceased, against Joseph S. Shaw, administrator *de bonis non*, with the will annexed, of Mary Shaw, deceased, to recover a legacy which the plaintiff alleges his testatrix became entitled to receive in her lifetime, under the will of Samuel Shaw, of which Mary Shaw the testatrix of the defendant was executrix, in conjunction with Thomas Shaw executor of the same, and became a trustee of the money or legacy in question. That part of the will, under which the legacy is claimed is as follows: " The remaining equal fifth part of the residue of my said estate, I give and devise to Mary Shaw, my said daughter, her heirs and assigns, in trust that she shall use the rents, issues, and profits thereof, and the issues and interest thence arising, for the benefit of my son Samuel Burgess Shaw, in such manner, at such times, and in such proportions as she shall judge proper, during his natural life; but so that the same shall not be liable to the debts of the said Samuel; and after the death of the said Samuel, that she convey the said devise (being the remaining equal fifth part of the residue of my estate) to such child or children as the said Samuel shall have, in equal proportions in fee tail." After which the testator, in the conclusion of his will, appoints his son Thomas Shaw, and his daughter Mary Shaw, executor and executrix of the same; thereby, also, " giving to them full power and authority to sell, convey, or alter the whole, or any part of his said estate; but directing that the money, or proceeds thence arising, be settled in the same manner, as the property sold would, according to the directions of his will, have been, in case it had not been sold." The personal estate proved insufficient to pay the debts of the testator. The executors, however, under the authority contained in the will, sold all the real estate, and converted it into money,

[Wharton v. Shaw.]

from which the deficit in the personal estate to pay the debts and some pecuniary legacies was made up. The one equal fifth part of the residue of the testator's estate, given in trust, as above-mentioned, to Mary Shaw, his daughter, the testatrix of the defendant, for the use of his son Samuel Burgess Shaw, during the term of his natural life, and at his death, over to such child or children, as he the said Samuel Burgess Shaw should leave, in tail, amounted to $4000 and upwards, 3000 of which Mary Shaw gave to Samuel Burgess Shaw, upon his giving to her a bond and mortgage to keep her indemnified for doing so. Mary Shaw, after making a will, of which she appointed Thomas Shaw executor, died about the first of April 1811. Samuel B. Shaw, after having made a will, of which he appointed William Wharton executor, died in February or March 1822, leaving two children, Samuel W. Shaw, and Sarah L. Shaw, the testatrix of the plaintiff, to which two children he devised and bequeathed all his real and personal estate. Sarah L. Shaw, after making a will, of which she appointed William Wharton executor, died in 1826, without leaving any lawful issue. Samuel W. Shaw, her brother, died intestate, without issue, about 1832. Thomas Shaw, the executor of Mary Shaw's will, died in September 1832; after which letters of administration *de bonis non cum testamento annexo*, were granted to Joseph S. Shaw, the defendant; who, in 1836, sued out a writ of *scire facias* on the mortgage executed by Samuel Burgess Shaw, as mentioned above, to Mary Shaw, and proceeded therein so as to recover the amount of the money paid by Mary Shaw to Samuel B. Shaw.

*T. I. Wharton*, for the plaintiff, argued that the fund in question was personalty; and the bequest of personal property in tail, gives the absolute ownership. 2 *Rop. Leg.* 353. The direction that the money or proceeds arising from a sale be settled in the same manner as the property sold would have gone, means only that they shall be transferred in tail;—that is the meaning of the word *settle*. And settlements are constantly made of personal estate. If the testator intended a fee tail, yet as he has not directed the money to be invested in real estate, his intention cannot be carried into effect. 2 *Rop. Leg.* 358 ; *Kreider* v. *Maclay*, (11 *Serg. & Rawle* 224) ; *Withers' Appeal*, (14 *Ibid.*) ; *Fearne's Cont. Rem.* 111 ; *Finch's Prec.* 421 ; *Seal* v. *Seal*, (2 *Sugd.* 101).

*Williams*, contra, contended it was real estate, though in the shape of money. A testator can impress on money the character of real estate. *Burr* v. *Sim*, (1 *Whart.* 252). The trust is here executory. It is to *settle*; which makes it executory. *Ather. on Sett.* 462, 468 ; *Fearne's Exec. Dev.* 119 ; *Leigh & Dalz. on Conversion* 15, 183 ; 3 *Wheat.* 384. The surplus remaining after a sale by executors of real estate, under a power, is real estate.

[Wharton v. Shaw.]

*Leigh & Dalz. on Conversion* 93; 1 *Vez. & B.* 174, 415; 10 *Vez.* 50; 16 *Vez.* 188; 11 *Vez.* 87; 2 *Scho. & Lef.* 538; 2 *Story's Eq.* 102. There is a difference where the sale is by order of court, and where it is under a power. In the former it is money—but in the latter the power is looked to. *Leigh & Dalz.* 64; *Amb.* 242.

*Reply.* The cases cited are all cases where money was directed to be invested in land; and there a direction to settle was held executory. 2 *Pow. Dev.* 411; 3 *Atk.* 254. If there was any election here to be made, it has been made by the executors.

The opinion of the Court was delivered by

KENNEDY, J. — The right of the plaintiff to recover, depends upon the determination of the question, whether the one-fifth of the residuum of the testator, Samuel Shaw's estate, devised to Mary Shaw in trust for Samuel Burgess Shaw for life, &c. after being converted into money by the sale made thereof by the executors, under the authority contained in the will, is to be regarded as real estate still, or as turned into personal by the sale. If it be considered the latter, the plaintiff is clearly entitled to recover; otherwise not. For whenever a bequest is made of personal estate, in terms that would create and pass an estate tail if it were real, the legatee will take an absolute interest in the same; because every species of personal property is incapable of being entailed, or being the subject of a common recovery; so that any subsequent bequest of it over, on the failure of heirs or issue of the first taker, would be of no effect, as it is too remote. 2 *Roper on Leg.* 353, *et seq.;* and the cases there cited. In this case, the estate devised or bequeathed, though real at the time of making the will, as also at the death of the testator, was certainly changed afterwards by the sale made of it, into personal estate. And being so changed by an authority given by the testator himself, in his will to his executors, it can no longer be considered real estate, unless from his will it appears clearly to have been his intention that the money which might arise from the sale should be considered real estate, or be again vested in the purchase of other real estate. But such intention cannot be collected, with any degree of certainty, from his will. The only words in it which can be said to have any bearing on this point, are; "but directing that the *money* or *proceeds* thence arising" (*i. e.* from the sale of the residue of his estate) "be settled in the same manner as the property sold would, according to the directions of this my will, have been, in case it had not been sold." The plain import of these words would seem to be, that the testator intended his son Samuel Burgess Shaw should have the use of the one-fifth of the *money* that might arise from the sale of the residuum of his estate, for and during his natural life; and after his death that it should go to, and be divided in equal proportions among his children, in tail. Indeed

[Wharton v. Shaw.]

it is highly probable, from the face of the will, that the testator did not know much, if anything, about an estate in tail; or if he did, that he thought personal estate might be disposed of in tail, as well as real. If the testator had intended, in the event of the residue of his estate being sold by his executors, as authorized by his will, that that portion of it which he wished his son Samuel to have the use of during his life, should be reinvested in real estate, it would not only have been easy but natural he should have said so; instead of saying, as he has, that the money arising from such sale should be *settled in the same manner* as he had directed the property to be by his will, in case no sale should be made of it. This was only, at most, directing the *money* or *proceeds* of the sale to be *disposed* of in *like manner*, as he had, by his will, directed the property itself; that is, to be held in trust for his son Samuel during his life, and afterwards to be divided equally among the children of Samuel, *in tail*. We therefore think that Sarah L. Shaw, the daughter of Samuel Burgess Shaw, and testatrix of the plaintiff, became entitled, upon the death of her father, to one-half the money absolutely, as personal property that arose from that portion of the residuum of her grandfather's estate, which he, by his will, gave in trust for the use of her father during his life. Judgment is therefore rendered in favour of the plaintiff.

Judgment for the plaintiff.